UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RUSSEL MCKELVEY, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19CV63 SPM |
| DEAN MINOR, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner Russel McKelvey's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

### Discussion

Petitioner is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging state court convictions for first-degree assault, armed criminal action, and unlawful use of a weapon. *State of Missouri v. McKelvey*, No. 1131-CR08136-01 (31st Cir., Greene County). On September 11, 2015, he was sentenced to fifteen years imprisonment for the assault, five years for the armed criminal action, and three years for the unlawful use of a weapon. The sentences were run concurrently to each other.

According to petitioner, and corroborated by the Court's review of petitioner's state records, the conviction that petitioner is challenging arose in the Circuit Court of Greene County,

Missouri. Greene County is located in the Southern Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Pursuant to this section, the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition is originally filed may, in the exercise of its discretion and the furtherance of justice, transfer the case to the other district for hearing and determination. Additionally, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction in a circuit court located within the Western District of Missouri. The relevant records are thus located there, and if a hearing is required, the Western District of Missouri would be more convenient for witnesses. Moreover, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. Therefore, the Court will order that this case be transferred to the United States District Court for the Western District of Missouri.

2

Case 6:19-cv-03322-BCW   Document 3   Filed 08/07/19   Page 2 of 3

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this 7th day of August.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE